United States District Court
For the Northern District of California

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ERNESTO MARTINEZ, | ) No. C 09-0069 MMC (PR) |
| Plaintiff, | ) **ORDER OF DISMISSAL WITH LEAVE TO AMEND** |
| v. | ) |
| MICHAEL S. EVANS, et al., | ) **(Docket Nos. 4 & 5)** |
| Defendants. | ) |

On January 8, 2009, plaintiff, a California prisoner incarcerated at Corcoran State Prison and proceeding pro se, filed the above-titled civil rights action under 42 U.S.C. § 1983. By separate order filed concurrently herewith, plaintiff has been granted leave to proceed in forma pauperis.

**DISCUSSION**

A.   Standard of Review

A federal court must conduct a preliminary screening in any case in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity. See 28 U.S.C. § 1915A(a). In its review, the court must identify any cognizable claims and dismiss any claims that are frivolous, malicious, fail to state a claim upon which relief may be granted or seek monetary relief from a defendant who is immune from such relief. See id. § 1915A(b)(1),(2). Pro se pleadings must, however, be liberally construed. See Balistreri v. Pacifica Police Dep't, 901 F.2d 696, 699 (9th Cir. 1988).

To state a claim under 42 U.S.C. § 1983, a plaintiff must allege two essential

elements: (1) that a right secured by the Constitution or laws of the United States was violated, and (2) that the alleged violation was committed by a person acting under the color of state law.  See West v. Atkins, 487 U.S. 42, 48 (1988).

B.      Plaintiff's Claims

Plaintiff complains about events that occurred when he was incarcerated at Salinas Valley State Prison ("SVSP").  Specifically, plaintiff alleges that on March 29, 2008, several correctional officers, in response to derogatory statements plaintiff made about one of the officers, forcibly attacked and beat plaintiff, and several other officers refused to intervene to stop the assault. (Compl. ¶¶ 23-28.)  Additionally, plaintiff alleges the officers conspired to cover up each other's involvement in the assault. (Id. ¶ 30.)

Plaintiff further alleges that when he stated he would file administrative grievances and pursue legal action against the officers, he was falsely charged with an administrative rules violation, and the officers also retaliated against him by conducting a cell search and by persuading other prisoners to pressure plaintiff into recanting his accusations. (Id. ¶¶ 30-31.)

Plaintiff maintains the above actions were part of an ongoing pattern of misconduct at SVSP by a group of correctional officers known as the Green Wall, and that supervisory officials at SVSP either condoned such actions or allowed them to persist due to a lack of adequate training and supervision. (Id. ¶¶ 34-36.)

Based on the above allegations, plaintiff claims defendants conspired to deprive him of his right to equal protection, used excessive force against him in violation of the Eighth Amendment, and retaliated against him in violation of the First Amendment. (Id. ¶¶ 44-52.) He seeks monetary damages.

1.      Conspiracy Claim

To state a claim for a conspiracy to violate one's constitutional rights under 42 U.S.C. § 1983, a plaintiff must state specific facts to support the existence of the claimed conspiracy. Olsen v. Idaho State Bd. of Medicine, 363 F.3d 916, 929 (9th Cir. 2004) (internal quotation and citation omitted).  Conclusory allegations of conspiracy are not enough to support a § 1983 conspiracy claim.  Burns v. County of King, 883 F.2d 819, 821 (9th Cir. 1989).

2

1 Rather, a plaintiff must plead with particularity which defendants conspired, how they
2 conspired, and how the conspiracy led to a deprivation of the plaintiff's constitutional rights.
3 Harris v. Roderick, 126 F.3d 1189, 1195-96 (9th Cir. 1997).  To prove a conspiracy under §
4 1983, an "agreement or meeting of minds to violate [the plaintiff's] constitutional rights must
5 be shown."  Woodrum v. Woodward County, 866 F.2d 1121, 1126 (9th Cir. 1989).
6 Here, plaintiff has not alleged facts sufficient to state a conspiracy claim under § 1983.  As
7 an initial matter, plaintiff has not identified the particular constitutional right of which he was
8 deprived by the alleged conspiracy.  Specifically, it is unclear from the allegations in the
9 body of the complaint whether plaintiff is alleging that the correctional officers who used
10 excessive force against him conspired to engage in the use of force, conspired to cover up the
11 use of force, or conspired to cause other injuries to plaintiff separate from the use of force.
12 Further, while plaintiff, in the section of the complaint in which he sets forth his legal claims,
13 asserts that defendants conspired to deprive him of "equal protection and benefit of the laws"
14 and "due process of law," he does not specify which facts support his allegations of either an
15 equal protection or due process violation.  (Compl. ¶ 44.)  Finally, plaintiff's conspiracy
16 allegations are conclusory, in that he has not pleaded with particularity specific facts that
17 would show the named defendants had an agreement or meeting of the minds to violate
18 plaintiff's constitutional rights.

19 Based on the foregoing, plaintiff's conspiracy claim must be dismissed.  Plaintiff may,
20 however, file an amended complaint if he can in good faith allege facts, subject to proof, that
21 cure the pleading deficiencies noted above.

22     2.    <u>Excessive Force Claim</u>

23 Whenever prison officials stand accused of using excessive force in violation of the
24 Eighth Amendment, the core judicial inquiry is whether force was applied in a good-faith
25 effort to maintain or restore discipline, or maliciously and sadistically to cause harm.
26 Hudson v. McMillian, 503 U.S. 1, 6-7 (1992).  In determining whether the use of force was
27 for the
28 purpose of maintaining or restoring discipline, or for the malicious and sadistic purpose of

3

causing harm, a court evaluates, inter alia, the need for application of force, the relationship between that need and the amount of force used, the extent of any injury inflicted, the threat reasonably perceived by the responsible officials, and any efforts made to temper the severity of a forceful response. Id. at 7.  Prison officials who personally use excessive force against a prisoner as well as those who fail to intervene to stop the actions of other prison officials can violate a prisoner's Eight Amendment right to be free from the use of excessive force. Robins v. Meecham, 60 F.3d 1436, 1442 (9th Cir. 1995) .

The Court finds plaintiff's allegations, when liberally construed, state cognizable excessive force claims under the Eighth Amendment against defendants A. Villalobos, Machuca, Picazo, M.A. Celso, Vasquez and Crawford.

### 3.     Retaliation Claim

Retaliation by a state actor for the exercise of a constitutional right is actionable under 42 U.S.C. § 1983, even if the act, when taken for different reasons, would have been proper. Mt. Healthy City Bd. of Educ. v. Doyle, 429 U.S. 274, 283-84 (1977).  "Within the prison context, a viable claim of First Amendment retaliation entails five basic elements:  (1) An assertion that a state actor took some adverse action against a prisoner (2) because of (3) that prisoner's protected conduct, and that such action (4) chilled the inmate's exercise of his First Amendment rights, and (5) the action did not reasonably advance a legitimate correctional goal." Rhodes v. Robinson, 408 F.3d 559, 567-68 (9th Cir. 2005).

Plaintiff's allegations fail to state a cognizable claim for retaliation as he has failed to allege facts that show the alleged retaliatory actions of which he complains were taken because of plaintiff's protected conduct.  Specifically, plaintiff states in his complaint that correctional officers Celso and Villalobos filed a false administrative rules violation report against plaintiff "[i]n response to plaintiff's pledge to institute grievance and prospective legal action" as to the use of excessive force against him. (Compl. ¶ 31.)  Additionally, he states that "[u]pon discovery of plaintiff's persistence and courage to report his abuses and bring exposure to the involved defendants" Celso and Villalobos conducted a retaliatory search of plaintiff's cell, and Machuca, Villalobos, Picazo and "other defendants" attempted

4

1  to persuade other prisoners to pressure plaintiff into recanting his accusations.  (Id. ¶ 33.)  In
2  neither instance, however, does plaintiff identify what form his "pledge" and "persistence"
3  took, i.e., the nature of his protected conduct, or how each of the named correctional officers
4  knew about plaintiff's conduct.  Without allegations of protected conduct and knowledge of
5  such conduct by the correctional officers, no claim for retaliation is stated.

6  Accordingly, plaintiff's retaliation claim will be dismissed.  Plaintiff may, however,
7  file an amended complaint if he can in good faith allege facts, subject to proof, that cure the
8  pleading deficiencies noted above.

9  C.   Pending Motions

10  Plaintiff has filed two motions asking the Court to review his complaint under the
11  provisions of 28 U.S.C. § 1915A.  As the Court has done so in this order, plaintiff's motions
12  will be denied as moot.

### CONCLUSION

14  For the reasons stated above, the Court orders as follows:

15  1.  Plaintiff's motions for Court review of his claims are hereby DENIED as moot.
16  (Docket Nos. 4 & 5.)

17  2.  Plaintiff's claims of excessive force are cognizable.  Those claims will not be
18  ordered served, however, until the deadline for plaintiff to file an amended complaint has
19  passed or plaintiff has informed the Court that he does not intend to proceed further with his
20  conspiracy and retaliation claims.

21  3.  Plaintiff's conspiracy and retaliation claims are hereby DISMISSED with leave to
22  amend.  Within **thirty (30)** days of the date this Order is filed, plaintiff may file an
23  AMENDED COMPLAINT, **using the court's form civil rights complaint**, a copy of which
24  is provided herewith, in order to cure the deficiencies noted above.  Plaintiff shall complete
25  the form, and include in the caption both the case number of this action, No. C 09-0069
26  MMC (PR), and the phrase "AMENDED COMPLAINT."

27  An amended complaint supersedes the initial complaint and may not incorporate by
28  reference any parts of the original complaint.  London v. Coopers & Lybrand, 644 F.2d 811,

5

1  814 (9th Cir. 1981).  Defendants not named in an amended complaint are no longer
2  defendants.  See Ferdik v. Bonzelet, 963 F.2d 1258, 1262 (9th Cir.1992).  These rules govern
3  actions filed by pro se litigants as well as litigants represented by counsel.  See King v.
4  Atiyeh, 814 F.2d 565, 567 (9th Cir. 1987).  Accordingly, if plaintiff wishes to amend his
5  complaint to cure the pleading deficiencies noted above, he must file an amended complaint
6  that includes any claims from the original complaint he wishes to preserve.

**If plaintiff fails to timely file an amended complaint in conformity with this order, the claims that have been dismissed with leave to amend will be dismissed without prejudice, and the claims found cognizable herein will be ordered served.**

4.  It is plaintiff's responsibility to prosecute this case.  Plaintiff must keep the Court informed of any change of address and must comply with the court's orders in a timely fashion.  Failure to do so may result in the dismissal of this action, pursuant to Federal Rule of Civil Procedure 41(b), for failure to prosecute.

This order terminates Docket Nos. 4 and 5.

IT IS SO ORDERED.

DATED: August 26, 2009

MAXINE M. CHESNEY
United States District Judge