IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ERNESTO MARTINEZ, | ) No. C 09-0069 MMC (PR) |
| Plaintiff, | ) **ORDER OF SERVICE** |
| v. | ) |
| MICHAEL S. EVANS, et al., | ) |
| Defendants. | ) |

On January 8, 2009, plaintiff, a California prisoner incarcerated at Corcoran State Prison and proceeding pro se, filed the above-titled civil rights action under 42 U.S.C. § 1983. In his complaint, plaintiff alleged that correctional officers at Salinas Valley State Prison ("SVSP"), where plaintiff was incarcerated when the events at issue in the complaint occurred, had conspired to deprive him of his right to equal protection, used excessive force against him in violation of the Eighth Amendment, and retaliated against him in violation of the First Amendment. Upon reviewing the allegations in the complaint, the Court concluded that plaintiff's excessive force claim was cognizable against defendants A. Villalobos, Machuca, Picazo, M.A. Celso, Vasquez and Crawford, but that the conspiracy and retaliation claims were subject to dismissal because plaintiff had failed to provide sufficient facts for the Court to determine whether cognizable claims for relief could be stated. Consequently, the Court dismissed the conspiracy and retaliation claims, and afforded plaintiff leave to file an amended complaint if he could allege, in good faith, facts to cure the noted pleading

deficiencies.

Now pending before the Court is plaintiff's amended complaint ("AC").

## DISCUSSION

A.   Standard of Review

A federal court must conduct a preliminary screening in any case in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity. See 28 U.S.C. § 1915A(a).  In its review, the court must identify any cognizable claims and dismiss any claims that are frivolous, malicious, fail to state a claim upon which relief may be granted or seek monetary relief from a defendant who is immune from such relief.  See id. § 1915A(b)(1),(2).  Pro se pleadings must, however, be liberally construed.  See Balistreri v. Pacifica Police Dep't, 901 F.2d 696, 699 (9th Cir. 1988).  To state a claim under 42 U.S.C. § 1983, a plaintiff must allege two essential elements: (1) that a right secured by the Constitution or laws of the United States was violated, and (2) that the alleged violation was committed by a person acting under the color of state law.  See West v. Atkins, 487 U.S. 42, 48 (1988).

B.   Plaintiff's Claims

As noted, plaintiff's excessive force claim has been found cognizable.  In the AC, plaintiff alleges that the defendants conspired to deny him equal protection of the laws and retaliate against him for the assertion of his First Amendment rights, in particular, his statements to defendants that he would file, and his filing of, an administrative appeal and court action with respect to defendants' use of excessive force.

Plaintiff's equal protection claim will be dismissed.  The Court explained to plaintiff in the order of dismissal with leave to amend that he must specify which facts support his assertion of an equal protection violation.  He has not done so, however.  In particular, plaintiff has alleged no facts showing any of the defendants acted with an intent or purpose to discriminate against plaintiff based upon his membership in a protected class.  Lee v. City of Los Angeles, 250 F.3d 668, 686 (9th Cir.2001) (internal quotation and citation omitted).

When liberally construed, plaintiff's allegations of conspiracy and retaliation state a

2

cognizable claim for relief against defendants Celso and Villalobos, whom he alleges conspired to file a retaliatory administrative rules violation report against him and to search his cell, and defendants Machuca, Villalobos and Picazo, whom he alleges conspired to persuade other inmates to pressure plaintiff into recanting his accusations and reports of abuse. Plaintiff's additional conspiracy allegation, specifically, his allegation that after he filed an administrative appeal reporting the abuses giving rise to the instant action, defendants Villalobos, Machuca, Picazo, Celso, Vasquez and Crawford "removed black gloves and applauded and congratulated each other on their abuses of plaintiff" (AC at 3), does not, however, state a cognizable claim for a conspiracy to retaliate, as no "adverse action" was taken against plaintiff. See Rhodes v. Robinson, 408 F.3d 559, 567-68 (9th Cir. 2005) ("Within the prison context, a viable claim of First Amendment retaliation entails five basic elements: (1) An assertion that a state actor took some adverse action against a prisoner (2) because of (3) that prisoner's protected conduct, and that such action (4) chilled the inmate's exercise of his First Amendment rights, and (5) the action did not reasonably advance a legitimate correctional goal.")

**CONCLUSION**

For the reasons stated above, the Court orders as follows:

1. Plaintiff's equal protection claim is hereby DISMISSED.

2. As noted, plaintiff's allegations, when liberally construed, state cognizable claims for relief against the defendants listed below. The Clerk of the Court shall issue summons and the United States Marshal shall serve, without prepayment of fees, <u>a copy of the AC in this matter and all attachments thereto (Docket No. 9), and a copy of this order upon the following defendants, all at Salinas Valley State Prison:  A. Villalobos, Machuca, Picazo, M.A. Celso, Vasquez and Crawford.</u>

<u>The Clerk shall also mail a courtesy copy of the AC and this order to the California Attorney General's Office</u>.

3. Within **ninety (90)** days of the date this order is filed, defendants shall file a motion for summary judgment or other dispositive motion with respect to the claims found to

3

be cognizable above. **If defendants are of the opinion that this case cannot be resolved by summary judgment or other dispositive motion, defendants shall so inform the Court prior to the date the motion for summary judgment or other dispositive motion is due.**

4. The Court hereby extends the time to file an answer or waiver of answer, see 42 U.S.C. § 1997e(g)(1), to a date to be set after the Court has ruled on the above-referenced motion or received notice that such a motion cannot be filed.

5. If defendants elect to file a motion to dismiss on the grounds plaintiff failed to exhaust his available administrative remedies as required by 42 U.S.C. § 1997e(a), defendants shall do so in an unenumerated Rule 12(b) motion pursuant to Wyatt v. Terhune, 315 F.3d 1108, 1119-20 (9th Cir. 2003), cert. denied Alameida v. Terhune, 540 U.S. 810 (2003).

6. Any motion for summary judgment shall be supported by adequate factual documentation and shall conform in all respects to Rule 56 of the Federal Rules of Civil Procedure.

7. Plaintiff's opposition to the dispositive motion shall be filed with the Court and served on defendants no later than **thirty (30)** days from the date defendants' motion is filed.

    a. In the event defendants file an unenumerated motion to dismiss under Rule 12(b), plaintiff is hereby cautioned as follows:[1]

> The defendants have made a motion to dismiss pursuant to Rule 12(b) of the Federal Rules of Civil Procedure, on the ground you have not exhausted your administrative remedies. The motion will, if granted, result in the dismissal of your case. When a party you are suing makes a motion to dismiss for failure to exhaust, and that motion is properly supported by declarations (or other sworn testimony) and/or documents, you may not simply rely on what your complaint says. Instead, you must set out specific facts in declarations, depositions, answers to interrogatories, or documents, that contradict the facts shown in the defendant's declarations and documents and show that you have in fact exhausted your claims. If you do not submit your own evidence in opposition, the motion to dismiss, if appropriate, may be granted and the case dismissed.

---

[1] The following notice is adapted from the summary judgment notice to be given to pro se prisoners as set forth in Rand v. Rowland, 154 F.3d 952, 963 (9th Cir. 1998) (en banc). See Wyatt v. Terhune, 315 F.3d at 1120 n.14.

4

    b. In the event defendants file a motion for summary judgment, the Ninth Circuit has held that the following notice should be given to plaintiffs:

> The defendants have made a motion for summary judgment by which they seek to have your case dismissed. A motion for summary judgment under Rule 56 of the Federal Rules of Civil Procedure will, if granted, end your case.
>  Rule 56 tells you what you must do in order to oppose a motion for summary judgment. Generally, summary judgment must be granted when there is no genuine issue of material fact--that is, if there is no real dispute about any fact that would affect the result of your case, the party who asked for summary judgment is entitled to judgment as a matter of law, which will end your case. When a party you are suing makes a motion for summary judgment that is properly supported by declarations (or other sworn testimony), you cannot simply rely on what your complaint says. Instead, you must set out specific facts in declarations, depositions, answers to interrogatories, or authenticated documents, as provided in Rule 56(e), that contradict the facts shown in the defendants' declarations and documents and show that there is a genuine issue of material fact for trial. If you do not submit your own evidence in opposition, summary judgment, if appropriate, may be entered against you. If summary judgment is granted in favor of defendants, your case will be dismissed and there will be no trial.

See Rand v. Rowland, 154 F.3d 952, 963 (9th Cir. 1998) (en banc). Plaintiff is advised to read Rule 56 of the Federal Rules of Civil Procedure and Celotex Corp. v. Catrett, 477 U.S. 317 (1986) (holding party opposing summary judgment must come forward with evidence showing triable issues of material fact on every essential element of his claim). Plaintiff is cautioned that failure to file an opposition to defendants' motion for summary judgment may be deemed to be a consent by plaintiff to the granting of the motion, and granting of judgment against plaintiff without a trial. See Ghazali v. Moran, 46 F.3d 52, 53-54 (9th Cir. 1995) (per curiam); Brydges v. Lewis, 18 F.3d 651, 653 (9th Cir. 1994).

  8. Defendants shall file a reply brief no later than **fifteen (15)** days after plaintiff's opposition is filed.

  9. The motion shall be deemed submitted as of the date the reply brief is due. No hearing will be held on the motion unless the Court so orders at a later date.

  10. All communications by the plaintiff with the Court must be served on defendants, or defendants' counsel once counsel has been designated, by mailing a true copy of the document to defendants or defendants' counsel.

  11. Discovery may be taken in accordance with the Federal Rules of Civil Procedure.

5

No further court order under Federal Rule of Civil Procedure 30(a)(2) or Local Rule 16-1 is required before the parties may conduct discovery.

12. It is plaintiff's responsibility to prosecute this case. Plaintiff must keep the Court informed of any change of address and must comply with the court's orders in a timely fashion. Failure to do so may result in the dismissal of this action for failure to prosecute pursuant to Federal Rule of Civil Procedure 41(b).

13. Any motion for an extension of time must be filed no later than the deadline sought to be extended and must be accompanied by a showing of good cause.

IT IS SO ORDERED.

DATED: April 19, 2010

_____
MAXINE M. CHESNEY
United States District Judge